UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALAN PAUL ZEISER | * | CIVIL ACTION |
| VERSUS | * | NO. 26-0026 DIV. (2) |
| SOCIAL SECURITY ADMINISTRATION | * | MAG. J. CURRAULT |

**ORDER AND REASONS**

This matter was referred to a magistrate judge for disposition pursuant to 28 U.S.C. § 636(c).  ECF No. 11.  Pending before me is Plaintiff Alan Zeiser's *Ex Parte* Motion for Attorneys' Fees and Costs seeking $2,840.38 in fees and $505.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 14.  Plaintiff represents that the Government has no objection.  *Id.* at ¶ 8.

For the following reasons, the undersigned GRANTS the motion and ORDERS that Plaintiff Alan Zeiser be awarded attorneys' fees in the amount of $2,840.38 and costs of $505.00 in this litigation.

## I.    BACKGROUND

Plaintiff Zeiser filed this complaint seeking judicial review under 42 U.S.C. § 405(g) and § 1383(c)(3) of the Commissioner's final decision.  ECF No. 1.  Prior to filing the motion for summary judgment required by the Scheduling Order, the Government filed a Consent Motion to Remand pursuant to the fourth sentence of § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision.  ECF No. 9.

On March 16, 2026, the undersigned granted the Unopposed Motion, reversed the Commissioner's decision, and remanded the case for further administrative proceedings.  ECF Nos. 12, 13.  This Motion for Attorneys' Fees and Costs Pursuant to the EAJA followed.  ECF No.

1

14.   Plaintiff seeks recovery of attorneys' fees in the amount of $2,840.38, representing 11.8 attorney hours of expended time at $240.71 per hour.  ECF No. 14 ¶ 6.  The Commissioner has no objection to the request.  *Id.* ¶ 8.

## II.   <u>APPLICABLE LAW AND ANALYSIS</u>

The EAJA specifies that the Court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1] The EAJA further provides that awards are payable directly to Plaintiff as prevailing party, not counsel.[2]

In light of the Order remanding the case to the Commissioner for further administrative proceedings (ECF No. 12), Plaintiff is the prevailing party in this action.  Furthermore, the Commissioner does not object to Plaintiff's request for fees, evidently conceding that Plaintiff's position was substantially justified and no special circumstances make an award of attorneys' fees unjust.  The Court, therefore, finds that Plaintiff is entitled to attorneys' fees under § 2412(d).

Having found Plaintiff entitled to attorneys' fees, the Court must now address the reasonableness of the rate charged and time expended on the matter.

### A.  <u>Rate Charged</u>

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . .

---

[1] 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (noting the EAJA  provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust (citing *Comm'r v. Jean*, 496 U.S. 154, 158 (1990))); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same).
[2] *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States" (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010))).

attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an increase from the statutory $125 per hour rate to an hourly rate of $240.71 based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics for the South Urban B area.[3] The CPI adjusted rate is the *maximum* rate that could be awarded, but the EAJA statutory cap need not precisely track increases in the cost of living.[4]

Several judges within the Eastern District of Louisiana have recognized that a cost-of-living increase from the statutory $125 per hour rate is appropriate.[5] In *Wigginton*, the court noted that the Consumer Price Index for the South Urban B area ("CPI-B") was $207.86 per hour for work performed in 2021.[6] More recently within this district, judges have awarded hourly rates ranging from $215 to $239 per hour.[7]

---

[3] *See* https://www.bls.gov/regions/southwest/data/xg-tables/ro6xg01.htm.

[4] *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).

[5] *See, e.g.*, *Green v. Soc. Sec. Admin.*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022) (Douglas, M.J.) (finding $200 per hour reasonable for cost-of-living adjustment), *R.&R. adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (Vance, J.) (finding $194 per hour reasonable for cost-of-living increase); *Wigginton v. Soc. Sec. Admin.*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (Brown, C.J.) (finding $205.84 per hour reasonable for work performed from 2019-2021); *Boasso v. Saul*, No. 18-5623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (Zainey, J.) (finding $194 per hour reasonable for work performed in 2018).

[6] 2021 WL 3852293, at *2 n.28.

[7] *T.V. v. Soc. Sec. Admin.*, No. 24-1118, 2025 WL 428500, at *1 (E.D. La. Jan. 7, 2025) (finding unopposed request for $234 hourly rate reasonable), *R.&R. adopted sub nom. Valenti v. Soc. Sec. Admin.*, No. 24-1118, 2025 WL 416112 (E.D. La. Feb. 6, 2025); *Smith v. O'Malley*, No. 24-244, 2024 WL 5159280, at *2 (E.D. La. Dec. 18, 2024) (finding unopposed request for $239 hourly rate reasonable); *Kobrock v. Soc. Sec. Admin.*, No. 23-256, 2024 WL 1285242, at *2 (E.D. La. Mar. 26, 2024) (finding that rate of approximately $234 per hour reasonable); *Richardel v. Colvin*, No. 24-2093, 2025 WL 1386023, at *3 (E.D. La. Apr. 24, 2025) (finding rate of $215 reasonable), *R.&R. adopted sub nom. Richardel v. Soc. Sec. Admin.*, No. 24-2093, 2025 WL 1380718 (E.D. La. May 13, 2025); *Carpenter v. Kijakazi,* No. 21-328, 2022 WL 16961122, at *1 (E.D. La. Nov. 16, 2022) (approving rates of approximately $207 per hour for work performed in 2021 and $221 per hour for work performed in 2022); *Adams v. Soc. Sec. Admin.*, No. 21-1246, 2022 WL 4119760, at *1 (E.D. La. Sept. 9, 2022) (approving $229 hourly rate). Other districts impose lower reasonable rates. *See, e.g.*, *Frank v. O'Malley*, No. 24-376, 2025 WL 1202542, at *3 (M.D. La. Apr. 25, 2025) (rejecting requested rate of $220 and awarding $175 hourly rate); *Carr v. Kijakazi*, 2023 WL 3168676, at *3 (W.D. La. Apr. 13, 2023) (finding prevailing market rate for social security fee awards under the EAJA of $200.00 per hour was reasonable), *R.&R. adopted*, 2023 WL 3168343 (W.D. La. Apr. 28, 2023).

### B. Time Expended

Only work of a legal nature is compensable.[8]  A prevailing party can recover for paralegal work as part of its attorney's fees, as long as the work was legal in nature.[9]  Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[10]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[11]  When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[12]  Further, fee applicants must exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]"[13]

The fee applicant bears the burden of proving the hours requested are reasonable.[14]  Plaintiff's counsel expended 11.8 hours on this litigation.  ECF No. 14-1 at 2.  Courts have recognized that fee applications for typical Social Security cases range from twenty to forty hours.[15]  Here, Plaintiff's itemized statement indicates that her counsel spent less than 12 hours

---

[8] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

[9] *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001).

[10] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliott Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).

[11] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (citations omitted) (reducing hours billed for time attorney sent faxing documents), *aff'd sub nom. Hagan v. M.R.S. Assocs., Inc.*, 281 F.3d 1280 (5th Cir. 2001).

[12] *Kuperman*, 2009 WL 10737138, at *9 (citations omitted).

[13] *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437(1983)).

[14] *Id.* (citations omitted).

[15] *Benjamin S. v. Bisignano*, No. 23-4768, 2025 WL 1001599, at *2 (S.D. Tex. Apr. 3, 2025); *Noris Giles R. v. Kijakazi*, No. 20-1220, 2021 WL 5826780, at *2 (S.D. Tex. Dec. 8, 2021).  Courts in this district regularly find hours in excess of thirty hours of time expended on a social security matter is reasonable.  *See, e.g.*, *Green*, 2022 WL 3643025, at *2 (finding 31.2 hours reasonable); *Saucier*, 2022 WL 2132281, at *2 (finding 35 hours reasonable); *Wigginton*, 2021 WL 3852293, at *3 (finding 33 hours reasonable); *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No.

drafting the complaint, reviewing the administrative record, and conferring with the Government before it sought remand.  *Id.*

> ### C. <u>Analysis</u>

The undersigned finds that an award of the requested $240.71 per hour (adjusted from the statutory $125 amount based upon the Consumer Price Index) is reasonable and consistent with decisions in this district.  Upon review of the itemized statement of time included in the motion and considering the lack of objection from the Commissioner, the Court finds that the requested award is proper.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to recover attorneys' fees.  The Court further finds that the hourly rate of $240.71 per hour and 11.8 hours of time expended are reasonable.  The Court therefore finds that an award of fees under the Equal Access to Justice Act in the amount of $2,840.38 and filing costs in the amount of $505.00 made payable to Alan Zeiser is appropriate.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 14) is GRANTED as stated herein.

**IT IS FURTHER ORDERED** that Plaintiff be awarded the total amount of $3,345.38.

New Orleans, Louisiana, this ___29th___ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

18-6674, 2019 WL 3948011, at *2 (E.D. La. July 30, 2019) (finding 34 hours reasonable), *R.&R. adopted*, 2019 WL 3946139 (E.D. La. Aug. 21, 2019).